CASE 87—INDICTMENT—FEBRUARY 2.

# Commonwealth v. Root.

APPEAL FROM JEFFERSON CIRCUIT COURT, CRIMINAL DIVISION.

1. BRIBERY—WORD "ELECTION" DEFINED.—The word "election," as
   used in chapter 41 of the Kentucky Statutes in relation to the offense
   of bribery, was not intended to be restricted to elections by " the
   people," but embraces elections of officers by members of city councils
   or other legislative bodies.  Therefore, one who, by a bribe, influences
   the vote of a member of a city council at an election for the office of
   president of the board, is punishable under section 1587 of the Ken-
   tucky Statutes.

2. TO CONSTITUTE THE OFFENSE OF BRIBERY under the statute it is not
   necessary that the reward, benefit or advantage should be given or
   promised directly to the person whose vote is intended to be influ-
   enced, but it is sufficient that the reward is promised or given to
   another at the instance of the voter, and to charge in the indictment
   that it was done to influence and control the voter in his vote is
   equivalent to a statement that it was done at his instance.

3. AN INDICTMENT FOR BRIBERY which charges in substance that defend-
   ant intended to and did influence the vote of a city councilman at a
   certain election by the council by offering and promising to his
   brother a place on the police force of the city, charges an offense
   under the statutes.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLANT.

1. The word "election" occurring in the article of the laws of Kentucky
   on elections is not confined to an election by the people.
2. If it be conceded that an act for the government of cities of the first
   class repealed the office of sealer of weights and measures for Jeffer-
   son county, it is yet true that the office of inspector or inspectors of
   weights and measures was provided for the city of Louisville, and
   the misdescription in the indictment is not such as in case of verdict
   would vitiate the finding of the jury.

KOHN. BAIRD & SPINDLE FOR APPELLEE.

The indictment in this case was improperly framed under chapter 41 of
   the Kentucky Statutes, because said title applies only to elections by
   the people, and the selection of officers by the common council does
   not come within the provisions of this statute.  (Curran v. Taylor,
   92 Ky., 538; Moore v. Commonwealth, 7 Ky. Law Rep., 292.)

The bribery of councilmen is punishable by statute in this State, (Ky. Stats., secs. 1365, 2757), and was punishable at common law. (Curran v. Taylor, 92 Ky., 538.)

JUDGE LEWIS .DELIVERED THE OPINION OF THE COURT.

The indictment against appellee is for the offense of bribery, charged to have been committed as follows: "The said O. C. Root, in said county of Jefferson, * * at an election then and there about to be held under the Constitution and laws of Kentucky, in which election the office of president of the board of councilmen of the city of Louisville was to be held, and was held, and candidates for said office were to be voted for, and were voted for, and at which said election L. T. Davidson and C. L. Nelson were candidates for said office, did then and there unlawfully, willfully and corruptly promise and agree and offer to one Edward Garvey the sum of two hundred dollars, and a place on the police force of the city of Louisville, if his brother, J. J. Garvey, who was then a councilman for the tenth ward of said city, and entitled to vote on the matter aforesaid, would vote for C. L. Nelson for said office aforesaid, which said promise, offer and proposition were conveyed to said J. J. Garvey by the said Ed. Garvey, and which said promise, agreement and offer was intended, unlawfully and willfully and corruptly, to influence and did influence and control the said Garvey in his vote in said election, and then and there to bribe him to do the same," &c.

If the particular offense charged is punishable, it is so under chapter 41, Kentucky Statutes, title "Elections." And the parts thereof relating to it are as follows:

Section 1586. "Any person guilty of receiving a bribe for his vote at *an election*, or for services or influence in procuring a vote or votes at *an election*, shall be fined from fifty to five hundred dollars and be excluded from office and suffrage.

" 'Bribe' or 'bribery' means any reward, benefit or advantage, present or future, to the party influenced or intended to be influenced, or *to another at his instance*, or the promise of such reward, benefit or advantage."

Section 1587. "Whoever shall bribe another shall, on conviction, be fined from fifty to one hundred dollars, or imprisoned from ten to ninety days, or both so fined and imprisoned, and be excluded from office and suffrage."

It will be observed that the offense charged is not a reward, benefit or advantage, given or promised directly to J. J. Garvey, whose vote as councilman it was intended, to influence or control; but the money and place on the police force were offered and agreed to be given to his brother, Ed. Garvey. Nevertheless, plain language of the statute makes the offense of bribing another complete, if any reward, benefit or advantage is agreed or promised to be given another, *at the instance* of the person whose vote is intended to be influenced.

The indictment, though not charging in express terms that the reward, benefit and advantage was offered or promised to Ed. Garvey at the instance of J. J. Garvey, does charge it was done to influence and control and did influence and control the latter in his vote, which is equivalent to a statement it was done at his instance.

But it is contended, and from the opinion of the judge of the lower court made part of the record, the demurrer seems to have been sustained upon the idea, that the offense of bribery, provided against in chapter 41, has relation alone to an election by the people.

If the scope of that chapter be thus restricted it results that a person may, without fear of punishment, influence and control by bribery the vote of any member of a city council; for there is not elsewhere in the statutes any provision against offenses like that with which appellee is charged. The term "an election" is not, according to its true meaning, necessarily confined to the process by which "the people" indicate their choice for officers, but may properly and appropriately be applied to the process by which members of city councils or other legislative bodies choose or elect officers.

Section 1437 is, however, referred to for the purpose of showing the phrase was intended to have a restricted meaning, and is as follows: "Whenever in this chapter the word 'election,' or an equivalent expression, is used in reference to a State, district or municipal election, it shall be deemed to include the decision of questions submitted to the qualified voters, as well as the choice of officers by them." But it seems to us the purpose of that section was simply to provide for the same regulations and safeguards when a question of local or general concern, such as taxation, local option and the like, is submitted to a vote of the people, as when they choose or elect officers, and, instead of confining, rather enlarges the meaning and application of the term, "election."

In our opinion it was error to sustain the demurrer to the indictment, and the judgment is reversed for proceedings consistent with this opinion.