McLEMORE *v.* STATE

No. 41720        December 12, 1960        125 So. 2d 86

January 23, 1961                    126 So. 2d 236

*Lee, Moore & Countiss,* Jackson; *Edward J. Currie, Sr.,* and *Edward J. Currie, Jr.,* Hattiesburg, for appellant.

G. *Garland Lyell, Jr.*, Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Appellant, Garland (Bud) McLemore, was convicted in the Circuit Court of Forrest County, Mississippi, of the crime of offering a bribe to the district attorney, to influence his action in a suit pending in Stone County between the State and Julian B. Campbell. He was sentenced to serve a term of five years in the state penitentiary. The issues are concerned with the sufficiency of the indictment, of the evidence to support the verdict, the use of an intermediary in transmitting the offer of a bribe, and a defense of entrapment. We affirm the judgment of the circuit court. ·

The statute upon which the conviction is based is Miss. Code 1942, Rec., Sec. 2027. It provides: "Every person who shall promise, offer, or give to any officer, agent, or trustee, either public or private, while holding such office, agency, or trust, or after he has become a candidate or applicant for the same, or to the wife of

such officer, agent, or trustee, any money, goods, chattels, right in action, or other property, real or personal, with intent to influence his vote, opinion, action, or judgment on any question, matter, cause, or proceeding which may be then pending, or may be thereafter subject to vote, opinion, action, or judgment of such officer, agent, or trustee, shall, on conviction, be imprisoned in the penitentiary not more than ten years, or fined not more than one thousand dollars, or both.''

In March 1960, Julian B. Campbell, a resident of Wiggins in Stone County, lost a building as the result of a fire. Arson was suspected, and, after an investigation, on March 17, 1960, affidavits were filed in a justice of the peace court in Stone County making two charges against Campbell of attempted arson and arson. He was arrested, bound over to await action of the grand jury at the July 1960 term of circuit court, and released on bond.

Campbell operated an automobile service station in Wiggins, and was a stockholder in and a member of the Board of Directors of the Mississippi Valley Investment Company, which owned the stock of Consolidated Life Insurance Companies of the South. McLemore was employed by Consolidated to sell stock in that and perhaps other companies. He was acquainted with Campbell, stopping at his filling station from time to time. At Campbell's request, McLemore went to Wiggins. Campbell asked him to help him, stating he was in trouble. Around the middle of April McLemore met M. E. (Red) Ferguson, a registered lobbyist and legislative representative for a labor union. He asked Ferguson whether he knew anybody in Stone County who might help his friend, who was in trouble there. Ferguson introduced McLemore to Roy Strickland, a young man who was a student at the University of Mississippi Law School in Oxford. Strickland was a close personal friend of Boyce Holleman, District Attorney for the Second Judicial Dis-

trict of the State, which includes Stone County and its county seat, Wiggins, where Holleman lives. Holleman had assisted Strickland in going to law school. He used Holleman's law offices and library for his studies whenever he was in Wiggins. From this point there is conflict in the testimony for the State and for the defendant. Since the jury found against defendant, we will consider the evidence offered on behalf of the State to support the charge.

Ferguson introduced defendant to Strickland in the lobby of a Jackson hotel in the last week in April. Defendant and Strickland went to a restaurant in Jackson, and while there McLemore asked Strickland if Holleman and he would accept a proposed offer of $4,000, in return for which Holleman would not introduce the evidence in the arson case between the State and Campbell. McLemore wanted to know if Holleman and Strickland would take $2,000 then, and $2,000 after the grand jury met in July and Campbell was not indicted. McLemore said Ferguson recommended Strickland as being the one to "buy" Holleman if anyone could. Ferguson denied this. Strickland told McLemore to go ahead and get the money. He then immediately contacted the District Attorney Holleman, and they had a conference with the State Fire Marshal and Commissioner of Insurance. Manifestly they planned to let McLemore go ahead with his proposal, in order to get evidence of an offer to bribe. Both Strickland and Holleman testified that the former immediately transmitted the offer from McLemore to Holleman. McLemore wanted him to deliver the money to the District Attorney. Holleman did not authorize Strickland on his behalf to receive or to solicit for him any money by way of a bribe in the Campbell case, but he lent his full cooperation to the authorities in apprehending McLemore. He testified that Strickland never talked to him about the Campbell matter, but Strick-

land transmitted to him the offers to bribe made by McLemore.

McLemore was anxious to make the $2,000 initial bribe payment to Holleman through Strickland as soon as possible. After several failures of appellant and Strickland to meet for that purpose, a meeting was arranged at a tourist court in the City of Hattiesburg. Strickland then telephoned the State Fire Marshal and James Finch, the District Attorney of Forrest County, of which Hattiesburg is the county seat, about the matter. On the morning of the day set for his meeting with McLemore, Monday, May 16, 1960, Strickland went to the sheriff's office in Hattiesburg, where the sheriff and his deputies had Strickland remove all of his clothing, and all money and other items in his clothing were taken by the officers. After that, Strickland dressed, and he and the sheriff drove to the tourist court. Strickland and McLemore had coffee in a restaurant next to the tourist court where McLemore was staying. The sheriff was concealed behind the kitchen door, and took two photographs of the men in the restaurant. Defendant told Strickland that, if the indictment was not returned, he would pay Holleman and Strickland an additional $4,000 bonus, after Campbell had collected his insurance money. McLemore wanted him to deliver the money to Holleman. The two parties then went to the entrance of McLemore's hotel room, and McLemore counted out twenty $100 bills, and handed them to Strickland for Holleman. McLemore delivered him the bills one at a time, and Strickland recounted them. Campbell had provided this money for defendant. Strickland was acting with the approval and advice of the district and county attorneys in Forrest County.

Sheriff Robert Waller of Forrest County confirmed Strickland's testimony. He remained out of McLemore's sight, but he watched his and Strickland's movements at the tourist court, at the meeting on May 16. He observed them going to the door of defendant's motel

room, and saw defendant pass something to Strickland of a "greenish tint", one at a time, which appeared to be money. Strickland then left the tourist court in the company of the sheriff, and constantly in his presence. On return to the county jail, the sheriff removed from Strickland's possession twenty $100 bills. He also took from him two other items. One was a small booklet in which one page contained various figures which Strickland said defendant wrote in the restaurant before the bribe was passed; and the other was a sheet of the motel's stationery containing defendant's name, address and telephone number in Jackson. McLemore admitted both appeared to be in his handwriting.

The defense, as asserted by McLemore, was that Campbell wanted defendant to get him some legal assistance, and gave him $4,000 in cash for that purpose. McLemore said Strickland told him he was convinced that Campbell was innocent, and that he, Strickland, could get assistance for Campbell for half of what it would cost him to hire a good criminal lawyer. McLemore admitted he paid the $2,000 to Strickland on the occasion in question. He denied he paid it for the purpose of a bribe to the district attorney, and denied he offered Holleman, through Strickland, a bribe. He admitted that he never at any time contacted any lawyers anywhere about the Campbell case. Ferguson told him he knew "a fellow" who could help Campbell out, so he met Strickland. McLemore denied that Strickland said he knew the district attorney well, and denied he talked with him about the district attorney. He said Strickland told him he would "get the job done" for half of what it would cost for an experienced criminal lawyer. Strickland was going to advise the man legally. He was "supposed to assist him, and in what manner he was not to question Strickland." Strickland was to advise the man what course to take, or recommend some lawyer, but he did not do that. McLemore admitted that he and Strickland

discussed a bonus after Campbell collected his insurance money. It was up to Strickland to hire the lawyer, but that was none of McLemore's concern; Strickland would advise Campbell. The money was handled in cash, rather than by check, because that was the way Strickland wanted it. Defendant was not charging any fee for his services. He did not know how Strickland was going to use the money for Campbell's benefit—"that wasn't my problem."

M. E. Ferguson testified for defendant that he asked Strickland about the matter, and later Strickland said he had checked into it and would be willing to advise Campbell. He said defendant had previously asked him whether he knew anybody in Stone County who could help or assist Campbell, and clear him if possible. McLemore told Ferguson that, if Campbell could get some assistance, "the favor would be returned, financially or politically."

The constituent elements of the offense created by Code Sec. 2027, as applied to the facts of this case, are: (1) Offer of bribe; (2) to public officer; (3) with the intent to influence his action or judgment; (4) on any question, matter, cause or proceeding which may be then or thereafter pending subject to his action or judgment.

The evidence amply supports the finding of the jury that defendant was guilty of the offense as charged in the indictment and as proscribed in the statute. Certainly the jury did not have to accept McLemore's statement that he gave the $2,000 to Strickland, with a promise of more, for the purpose of Strickland, who was not a lawyer but a law student, getting some assistance, legal or otherwise, for Campbell; and that he, McLemore, was not to inquire into what kind of assistance Strickland was to get. It taxes one's credulity to believe that this money was turned over to Strickland for him to perform unidentified services. More-

over, it is undisputed that Strickland promptly advised the district attorney and other authorities of the initial offer of the bribe to the district attorney, and that he fully cooperated with the authorities thereafter. The arson charges against Campbell were matters and proceedings pending subject to the district attorney's action or judgment. The offer to bribe this public officer, with the intent to influence his action or judgment in that matter, was amply estalished by the State's evidence, which the jury had a right to accept.

██ ██ The condemned offense is the offer to bribe, not completed bribery. Code Sec. 2027. There need not be a mutual intent on the part of both the giver and the offeree or accepter of the bribe. 8 Am. Jur., Bribery, Sec. 6. It is the offering of the bribe that constitutes the substantive crime under the statute. It is immaterial whether an attempt or offer to bribe is successful. Nor is any actual tender of the bribe necessary to perfect the offense. The offer to produce a bribe is sufficient. Ibid., Sec. 10; 11 C. J. S., Bribery, Sec. 2 (c). At common law bribery, or the offer of a bribe, was a misdemeanor, but Code Sec. 2027 makes it a felony. 11 C. J. S., Bribery, Sec. 2; 8 Am. Jur., Bribery, Sec. 5; 3 Anderson's Wharton's Criminal Law and Procedure (1957), Secs. 1380-1391; 2 Bishop, Criminal Law (9th Ed. 1923), Secs. 85-89.

Appellant contends that the evidence shows the offer and payment were made solely to Strickland, an impecunious law student, and he represented to McLemore that he personally could assist Campbell. However, the great weight of the evidence negatives this contention, and supports the jury's finding that the offer was made to Holleman, through an intermediary, Strickland. ██ ██ It is not necessary that the offer to bribe a public officer be made directly and personally to him. It is sufficient that the act is done through the agency of others, through an intermediary. 11 C. J. S., Bribery, Sec. 2,

p. 844. To be guilty of an offer to bribe, the accused need not make the offer personally to the offeree. The offer of bribe may be made by an accused through an intermediary, and, providing the offer is communicated to the public officer, the substantive offense is consummated. Commonwealth v. Connolly, 308 Mass. 481, 33 N. E. 2d 303 (1941); Commonwealth v. Root, 96 Ky. 533, 29 S. W. 351 (1895); People v. Kerr, 6 N. Y. Supp. 674 (1889); Taylor v. State, 44 Ga. App. 387, 161 S. E. 793 (1931); Malatkofski v. U. S., 179 F. 2d 905 (USCA 1st, 1950); State v. Whetstone, 30 Wash. 2d 301, 191 P. 2d 818, 834 (1948), cert. den., 335 U. S. 858, 69 S. Ct. 131, 93 L. Ed. 405; see also People v. Coffey, 161 Cal. 433, 119 P. 901, 39 L. R. A. (NS) 704 (1911); People v. Northey, 77 Cal. 618, 19 P. 865 (1888), rehearing den. in 77 Cal. 634, 20 P. 129, 8 Am. Cr. Rep. 338; Anno. 52 A. L. R. 816, 820-822 (1928); U. S. v. Hood, 343 U. S. 148, 72 S. Ct. 568, 96 L. Ed. 846 (1952), rehearing den., 343 U. S. 954, 72 S. Ct. 1046, 96 L. Ed. 1355.

The indictment charged as follows: "That "Bud" McLemore on the 16th day of May 1960, in Forrest County aforesaid: did wilfully, unlawfully and feloniously offer by way of a Bribe to Boyce Holleman, he being then and there the duly elected, acting and qualified District Attorney of the Second Judicial District of the State of Mississippi, the sum of $2,000.00, in cash, good and lawful money of the United States of America, with the intent to influence his action in an action of law now pending between the State of Mississippi versus Julian B. Campbell, said cause being a criminal investigation by the State of Mississippi against Julian B. Campbell upon a charge of the crime of arson in Stone County, Mississippi, said sum of money, to wit, $2,000.00, being offered wilfully, unlawfully and feloniously to Roy Strickland for and on behalf of the said Boyce Holleman, District Attorney by the said "Bud" McLemore,

against the peace and dignity of the State of Mississippi.''

Defendant's demurrer to the indictment was properly overruled. ■■ ■ The charge substantially follows the terms of Code Sec. 2027, and adequately sets forth the constituent elements of the offense. ■■ ■ It was not necessary to expressly aver that the offer was made corruptly or with a corrupt intent. The indictment stated that the offer to bribe the district attorney was made "wilfully, unlawfully and feloniously." That was sufficient. It further charged that the offer was made with the intent to influence the district attorney's actions in the stated case against Campbell. This action was "now pending", which is a sufficient compliance with the requisite of a pending "question, matter, cause or proceeding." Moreover, the indictment alleges that the offer was made to Holleman, the district attorney, and further describes it as being made "to Roy Strickland for and on behalf of the said Boyce Holleman, the district attorney." So the indictment clearly states that the offer was made to the district attorney through the named intermediary. The evidence supports that charge.

Appellant asserts he should have been granted a peremptory instruction because the State's case was based on an entrapment of defendant which had its inception in the plan and scheme of the chief prosecuting witness for the State, Strickland. ■■ ■ The word "entrapment", as a defense, has come to mean the act of inducing or leading a person to commit a crime not originally contemplated by him, for the purpose of trapping him in its commission and prosecuting him for the offense. However, defendant cannot rely on the fact that an opportunity was intentionally given him to commit the crime which originated in the mind of the accused. The fact that an opportunity is furnished constitutes no defense. 1 Anderson's Wharton's Criminal Law and Procedure (1957), Sec. 132. There is a very

676

clear distinction between inducing a person to do an unlawful act, and setting a trap to catch him in the execution of criminal designs of his own conception. ■■ The State's evidence amply supports the conclusion that the criminal intent to make the offer to bribe originated in the mind of defendant, and Strickland simply furnished the opportunity and the means for McLemore to consummate that purpose. 15 Am. Jur., Criminal Law, Secs. 335-336; see also Anno. 55 A. L. R. 1322 (1957); 8 Am. Jur., Bribery, Sec. 19. These principles were first considered and adopted in this State in French v. State, 149 Miss. 684, 115 So. 2d 705 (1928), which was followed in Taurasi v. State, 233 Miss. 330, 102 So. 2d 120 (1958). See also Annos., Entrapment to Commit Crime With View to Prosecution Therefor, 18 A. L. R. 146, 152 (1922), 66 A. L. R. 478, 483 (1930), 86 A. L. R. 263, 266 (1933); Anno., Entrapment to Commit Bribery or Offer to Bribe, 69 A. L. R. 2d 1397 (1960); U. S. v. Shirey, 359 U. S. 255, 79 S. Ct. 746, 3 L. Ed. 2d 789 (1959), comment, 13 Vand. L. Rev. 558 (1960). The jury manifestly accepted the State's evidence to the effect that the criminal purpose originated in the mind of the accused. Moreover, appellant did not seek or obtain an instruction submitting this issue to the jury.

We have considered carefully the other assignments of error, and conclude they have no merit. Apparently this is the first bribery case which has been considered by this Court in its entire history.

Affirmed.

*McGehee, C. J.,* and *Lee, Holmes* and *McElroy, JJ.,* concur.

### ON SUGGESTION OF ERROR

McElroy, J.

Appellant contends that the venue and jurisdiction in this case is incorrect; that he should have been indicted and tried, if at all, in Hinds rather than Forrest

County. Appellant refers to the fact that, according to the State's evidence, the original offer to bribe Holleman was made by him to Strickland in Jackson and was first communicated to Holleman in Jackson at that time. We considered this issue in conference on the original presentation of this case and concluded it had no merit. We adhere to that opinion.

Although defendant made an original offer to Holleman through an intermediary in the City of Jackson, Hinds County, the great weight of the evidence further establishes that defendant made an offer to bribe the District Attorney to the intermediary, Strickland, in Forrest County, where he was tried and convicted, and that in the latter county he actually tendered to Holleman through the intermediary the sum of $2,000 in cash. There could be no more definite evidence of the offer and tender of the cash than the manual transfer of it to the intermediary in Forrest County, so the venue was properly laid in that county.

Moreover, Miss. Code 1942, Rec., Sec. 2429, provides: "When an offense is committed partly in one county and partly in another, or where the acts, effects, means, or agency occur in whole or in part in different counties, the jurisdiction shall be in either county in which said offense was commenced, prosecuted, or consummated, where the prosecution shall be first begun."

This statute also sustains the prosecution in Forrest County. Certainly the acts, effects, means and agency occurred in part in Forrest County; and the jurisdiction was laid in that county in which the offense was consummated by the actual physical tender of the money.

Suggestion of error overruled.

All Justices concur.