244 So.2d 5 (1971)
Dennis W. REEVES
v.
STATE of Mississippi.
No. 46287.
Supreme Court of Mississippi.
February 1, 1971.
Rex K. Jones, Hattiesburg, for appellant.
A.F. Summer, Atty. Gen., by Velia Ann Mayer, Sp. Asst. Atty. Gen., Jackson, for appellee.
ETHRIDGE, Chief Justice:
Dennis W. Reeves, appellant, was convicted in the Circuit Court of Forrest County of the unlawful sale of lysergic acid diethylamide, commonly known as LSD, and was sentenced to five years in the state penitentiary and assessed a fine of $250.
Appellant contends that the Uniform Narcotic Drug Act of 1962, as amended, does not specifically make it a crime to sell LSD. The several amendatory statutes pertaining to narcotic drugs provide variously for the amendment of the Mississippi Code 1942 Annotated by section number, and by the official session laws. In 1966 the Legislature amended Code section 6845 to include LSD as a "narcotic drug." Miss. Laws 1966, ch. 449, being Miss.Code 1942 Ann. § 6845(13) (d) (Supp. 1968). The current penalty provision is Code section 6866 (Supp. 1968), which was enacted by Mississippi Laws 1962, chapter 397, section 5, specifically amending Code section 6866, and finally by specific reference to section 6866 in Mississippi Laws 1966, chapter 450.
The prohibition of the sale of narcotic drugs, as defined in the later amendments, is contained in Mississippi Code 1942 Annotated section 6846 (1952). It was originally passed as section 3, chapter 289, Mississippi Laws 1936. This section of the 1936 Act has not been changed. It must be read in pari materia with Code section 6866, as amended in 1966. When thus done, and the Narcotic Drug Act is read as an entirety, the sale of LSD is made unlawful and prohibited, with the penalties prescribed for violations by the act of 1966. We find no deficiencies in the effectiveness of the statute.
The question of appellant's guilt was one for the jury. A toxicologist identified the substance as LSD. Two investigators for *6 the Narcotics Division of the Highway Patrol testified. One of them named White, acting as an undercover agent, testified that Reeves sold him twenty LSD tablets for $80. On the other hand, Reeves stated that White and one Charles Smith came to his house and asked for his roommate, Paul Smith, who was absent at the time; that he never discussed with White the sale of LSD and had no intention of selling LSD. Reeves said that Paul Smith had left a small package with him, requesting that he give it to a man who might come by; that he handed it to White who, in turn, gave him a sealed envelope; and that he did not know what either contained.
Dr. Arthur Hume, a toxicologist with the State Crime Laboratory, testified about the various tests he had made of the substance in question and identified it as LSD. He stated that there is no known medicinal or scientific value to LSD. The district attorney then asked him whether if he (the D.A.) took one of "those purple tablets * * * what will you expect to happen to me, if you know?" Over defendant's objection, Dr. Hume said that the tablets were quite potent and LSD, a "mind-expanding drug," caused hallucinations, which he described in several ways. Although this part of the testimony of Dr. Hume was irrelevant on the issue of guilt, there was no prejudicial error in its admission. West v. United States, 311 F.2d 69 (5th Cir.1962).
The trial court refused to submit to the jury this instruction on entrapment:
The Court instructs the jury for the Defendant that where a scheme or plan does not originate with the Defendant and he is lured into a conspiracy by an officer of the law, he cannot be held for the offense, for in contemplation of the law, no crime has been committed.
Entrapment means the act of inducing or leading a person to commit a crime not originally contemplated by him, for the purpose of trapping him in its commission; but an accused cannot rely on the fact that an opportunity was intentionally given him to commit the crime which originated in his mind. McLemore v. State, 241 Miss. 664, 125 So.2d 86 (1960). Under neither version of the testimony, for the state or the accused, is there any evidence of entrapment. The state's case was that White went to defendant's apartment to buy LSD from him, and they got in a car and the purchase occurred in the car. On the other hand, defendant's version was that his roommate had left a package, which he thought contained food, but when White arrived his roommate was not at home, so he gave the package to White as his roommate had instructed him. Defendant denied there had been any discussion of LSD.
Under the defendant's version of the events which occurred, there is no asserted fact which would warrant submitting to the jury the issue of entrapment. To invoke this defense, it must necessarily be assumed that the act charged as an offense was committed. People v. Schwartz, 109 Cal. App.2d 450, 240 P.2d 1024 (1952). Entrapment as a defense is not generally available if the accused denies the offense with which he is charged. Nutter v. United States, 289 F. 484 (4th Cir.1923); People v. Schwartz, supra; People v. Johnson, 99 Cal. App.2d 559, 222 P.2d 58 (1950); People v. Lee, 9 Cal. App.2d 99, 48 P.2d 1003 (1935); 25 Am.Jur.2d, Drugs, Narcotics and Poisons § 43 (1966); Annot., 33 A.L.R.2d 883, 910 (1954).
Affirmed.
RODGERS, PATTERSON, SMITH and ROBERTSON, JJ., concur.