394 So.2d 878 (1981)
Josephous TRIBBETT
v.
STATE of Mississippi.
No. 52365.
Supreme Court of Mississippi.
February 18, 1981.
Rehearing Denied March 18, 1981.
*879 Delos H. Burks and Nova Carroll, Stewart, Burks & Pace, Picayune, for appellant.
Bill Allain, Atty. Gen. by Wayne Snuggs, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, LEE and BOWLING, JJ.
LEE, Justice, for the Court:
Josephous Tribbett was indicted, tried and convicted in the Circuit Court of Pearl River County, Honorable R.I. Prichard, III, presiding, for the sale of less than one (1) kilogram of marijuana, and was sentenced to a term of ten (10) years with the Mississippi Department of Corrections. He has appealed and assigns five (5) errors in the trial below.
On May 22, 1978, Tim Wilkinson, agent for the Mississippi Bureau of Narcotics, and Thomas K. Phillips, a confidential informant, went to Bill's Quick Stop in Picayune, arriving there about 4:30 p.m. Phillips made a telephone call to appellant, who drove to the Quick Stop about twenty (20) minutes later. According to Wilkinson, he and Phillips got out of Wilkinson's car, walked over to appellant's automobile, and had a short conversation, after which Wilkinson asked appellant if he had the marijuana. Appellant answered affirmatively that he had nine (9) bags, reached behind the driver's seat in his car and removed a large paper bag containing marijuana, and placed it on the driver's seat. Wilkinson took it to his own vehicle, opened it, observed several bags of a substance which was later identified to be marijuana, and asked the appellant the price of the marijuana. Appellant replied that it was ninety dollars ($90.00). Wilkinson gave him the money and drove away. Wilkinson radioed another narcotics agent who was in an adjacent parking lot and who had observed the exchange from a parked car thirty (30) to forty (40) feet away, and the two agents proceeded to Gulfport. Appellant was arrested approximately five (5) months later at NASA, his place of employment, and was charged with the sale of a controlled substance.
Except for character witnesses, appellant was the only witness to testify in his behalf. He stated that Phillips was a co-employee with him at NASA and that, beginning in March, 1978, and continuing until the May 22, 1978 incident, Phillips had constantly badgered and begged him for drugs; that Phillips requested him ten or twelve times over a three-month period to supply him with drugs. Appellant said that he finally told Phillips that he would get some marijuana, if Phillips would stop worrying him about it. On May 22, 1978, according to appellant, he purchased some marijuana from a man named "Blue" in downtown Picayune, and took the marijuana to Phillips at Bill's Quick Stop. When he arrived at the Quick Stop, Phillips was sitting in a car under the driver's wheel and the passenger seat was occupied by another man. Both men got out of the car but it was Phillips who handed him the money for the drugs. Appellant said that he did not make any money off the drugs and gave the $90.00 to the man called "Blue." He stated that no threats had been made against him by Phillips or any other person, that he knew the sale of marijuana was illegal and that he was aware he was breaking the law at the time of the transaction.
The confidential informant, Thomas K. Phillips, did not testify.

I.
Did the lower court err in overruling appellant's motion for a continuance on account of the absence of Thomas K. Phillips?
*880 This case was originally set for trial during the April 1979 Term of court. However, on motion of appellant, he was granted a continuance until the November 1979 Term when the case was set for trial at 9:00 a.m. on April 1, 1980. About 9:30 a.m. on the day of trial, appellant filed another motion for continuance due to the absence of Thomas K. Phillips, the confidential informant, who had been subpoenaed as a witness by the defense on August 22, 1979. Phillips was served and did not appear, but no attachment for him was requested. The motion was overruled by the court.
Appellant argues that the denial of his motion for a continuance was reversible error because he was denied an opportunity to confront and cross-examine his original accuser. However, we are of the opinion that such argument is misplaced. Phillips was a confidential informant, not an accuser, and appellant had no right to call him as an adverse witness and to cross-examine him. If the State had attempted to show something that Phillips said or did, the appellant then would have the right to be confronted with the witness and to cross-examine him. Thus, the reason for the hearsay evidence rule.
Mississippi Code Annotated Section 99-15-29 (1972) is the statute governing continuances:
"On all applications for a continuance the party shall set forth in his affidavit the facts which he expects to prove by his absent witness or documents that the court may judge of the materiality of such facts, the name and residence of the absent witness, that he has used due diligence to procure the absent documents, or presence of the absent witness, as the case may be, stating in what such diligence consists, and that the continuance is not sought for delay only, but that justice may be done. The court may grant or deny a continuance, in its discretion, and may of its own motion cross-examine the party making the affidavit. The attorneys for the other side may also cross-examine and may introduce evidence by affidavit or otherwise for the purpose of showing to the court that a continuance should be denied. No application for a continuance shall be considered in the absence of the party making the affidavit, unless his absence be accounted for to the satisfaction of the court. A denial of the continuance shall not be ground for reversal unless the supreme court shall be satisfied that injustice resulted therefrom." (Emphasis added).
The law with reference to continuances, considering that statute, was enunciated in the old case of Lamar v. State, 63 Miss. 265 (1885), where the Court said:
"To begin with, he should promptly issue summonses for all witnesses who may be material for his defense; for any witness who has been served with process and who has failed to appear as commanded he should ask for an attachment, which will never be refused by the court; in capital cases he should apply for a continuance before the venire is drawn, setting out in his affidavit the names and residences of the absent witnesses, the facts expected to be proved by them, and should also show to the court what steps have been taken to secure their attendance; he should negative the idea that they are absent with his consent or procurement, and if any reasons are known to him why they are not present, these should be stated.
If the court declines to grant the continuance he should sue out the proper process for them, and when the case is called for trial should renew his application, making such changes in his affidavit as the conditions then existing require. If the continuance is still refused, he should with unremitting diligence seek to secure their attendance pending the trial by the continued use of the process of the court; if tried and convicted he should still persist in his efforts to enforce their attendance before the expiration of the term, and on his motion for a new trial present them to the court for examination; if, with all his efforts, he is unable to have the witnesses personally present, he should, if practicable, secure their ex *881 parte affidavits, which should be presented for the consideration of the court, which, on the motion for a new trial, will review the whole case and correct any error prejudicial to the defendant which may appear in any part of the proceeding." 63 Miss. at 271.
See also Fermo v. State, 370 So.2d 930 (Miss. 1979); McLendon v. State, 335 So.2d 887 (Miss. 1976); and Ladnier v. State, 273 So.2d 169 (Miss. 1973).
Appellant contends he did everything possible to obtain the presence of the witness. However, he was granted continuances from two (2) terms, and it is assumed that, if the witness did not answer "Present" when the witnesses were called, appellant should have taken proper action to obtain his presence. The simple procedure after a person has been served with process is to ask for an attachment against the witness. Suffice it to say, the procedure set out and approved in Lamar v. State, supra, was not followed and the lower court correctly overruled a motion for new trial. The lower court's action is particularly correct in light of the discussion of the other assignments of error hereinafter.

II.  V.
The next four assignments of error relate to the defense of entrapment and (1) whether or not the lower court erred in denying appellant jury instructions on entrapment, and in declining to submit that issue to the jury; (2) whether or not the court erred in overruling appellant's motion to quash the indictment or suppress the evidence by reason of the entrapment; (3) whether or not the jury verdict is against the weight of the evidence and the jury was improperly instructed by the court's allowing the State an instruction denying the defense of entrapment; and (4) whether or not the trial court erred in overruling appellant's motion for a directed verdict when the unrebutted testimony established a prima facie case of entrapment.
In Boone v. State, 291 So.2d 182 (Miss. 1974), the Court said:
"[A]n accused may interpose entrapment as a defense when the question of whether or not defendant was entrapped by an officer of the state is to be determined by the jury under proper instructions . .. however, before an accused is entitled to an instruction on the defense of entrapment, the testimony in the case must be sufficient to raise the defense... ." 291 So.2d 185.
Jones v. State, 285 So.2d 152 (Miss. 1973) answers the argument of appellant to the effect that he was entrapped because of the efforts of Phillips to get him to sell marijuana. There, the Court said:
"[W]here a sale is made on the solicitation of an officer, such solicitation does not entitle [the] defendant to have the question of entrapment submitted to the jury ..." 285 So.2d at 158.
In Jones v. State, supra, citing McLemore v. State, 241 Miss. 664, 675, 125 So.2d 86, 91 (1960), the Court defined "entrapment" and said:
"The word `entrapment', as a defense, has come to mean the act of inducing or leading a person to commit a crime not originally contemplated by him, for the purpose of trapping him in its commission and prosecuting him for the offense. However, defendant cannot rely on the fact that an opportunity was intentionally given him to commit the crime which originated in the mind of the accused. The fact that an opportunity is furnished constitutes no defense. 1 Anderson's Wharton's Criminal Law and Procedure (1957), Sec. 132. There is a very clear distinction between inducing a person to do an unlawful act, and setting a trap to catch him in the execution of criminal designs of his own conception." 285 So.2d at 155.
In Alston v. State, 258 So.2d 436 (Miss. 1972), the Court said:
"Entrapment is an affirmative defense. The defendant must go forward with the proof to establish this defense, and if he does so the state has the burden of proof on that issue. In this case, the defendant offered no evidence to establish his defense *882 of entrapment. The evidence, including his own testimony and considered in the light most favorable to him, does not establish the defense of entrapment. The fact that defendant sold the marijuana for what he paid for it does not aid his defense of entrapment.
This Court has repeatedly held that a person making an unlawful sale of contraband is not excused from criminality by the fact that the sale was induced for the purpose of prosecuting the seller... . [Citations omitted] The fact that an informer had on several occasions requested defendant to secure drugs for him does not excuse a sale of drugs to the informer... . [Citations omitted]." 258 So.2d at 438-439.
Apparently, appellant takes the position that an officer or confidential informant who induces an accused to sell marijuana is guilty of entrapment. There is no evidence in this record to support a prima facie case of entrapment and the lower court did not err in declining to submit that issue to the jury and did not err in overruling appellant's motion to quash the indictment and suppress the evidence because of entrapment. Even though the lower court should not have given a peremptory instruction for the State to the effect that there was not sufficient evidence to show entrapment and that the jury was not to consider the issue of entrapment, granting the instruction was not reversible error, considering all the evidence. Suffice it to say, the evidence supported the jury verdict of guilty beyond a reasonable doubt.
The usual entrapment case which arises under Mississippi law involves a confidential informant or police officer who originates the sale of contraband by supplying it to the accused, who then, acting in complicity with the confidential informant or police officer, sells or disposes of it to another officer or person who initiates the prosecution.
There being no reversible error in the record, the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., SUGG, WALKER, BROOM, BOWLING and HAWKINS, JJ., concur.