507 So.2d 58 (1987)
Kenneth HOWARD
v.
STATE of Mississippi.
No. 56179.
Supreme Court of Mississippi.
April 8, 1987.
Rehearing Denied June 3, 1987.
*59 Johnnie E. Walls, Jr., Walls & Irving, Greenville, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Leyser Q. Morris, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and ROBERTSON and SULLIVAN, JJ.
HAWKINS, Presiding Justice, for the Court:
This is a criminal appeal from Hinds County wherein Kenneth Howard was convicted of bribery and sentenced to ten (10) years in Parchman. Howard was accused of offering a bribe to Officer Bob Campbell in return for Campbell's assistance in dropping pending charges against Howard. Howard was arrested shortly after he placed $10,000 in a location for Campbell to pick up. The alleged bribery and arrest took place on January 27, 1984.
Prior to the trial, the State sought and received a Motion in Limine excluding a taped conversation secretly recorded by the defendant on March 12, 1984, during a "stop and frisk." The jury found Howard guilty as charged.
On appeal, Howard asserts that the trial judge, in not allowing his tape to be played, deprived him of effectively showing his defense of entrapment. Howard also contends that the jury instructions were insufficient and the verdict of the jury was contrary to the overwhelming weight of the evidence. For the reasons set forth, we affirm.

FACTS
On January 3, 1984, Howard, his wife, Ronald Lee, Donald Lee and several other unknown persons were indicted on charges of conspiracy to possess marijuana with the intent to distribute same.
On January 27, 1984, at approximately 8:00 a.m., Officer Campbell and Officer Ricky Moon were having coffee at a restaurant and Campbell received a call from headquarters over Moon's walkie talkie. Campbell placed a call to the police station and talked to Officer Steve Rochester. Sgt. Rochester related that Kenny Howard was at the station and wanted to speak with him. Officer Campbell spoke with *60 Howard, who requested to see him, and a meeting was arranged for 1:00 p.m. that day in Campbell's office. According to Howard, he came to the station at 8:00 a.m. because he had received word that Officer Campbell wanted to see him.
Campbell arrived at his office that afternoon where Howard was waiting for him in the hallway. Campbell testified that he went into the office, engaged in some conversation, and Howard stated he was there to talk about the case pending against him. Campbell indicated that if Howard informed on other drug dealers, he might receive some consideration. According to Campbell, Howard then began to talk about getting his case taken care of, and indicated that he would pay money to get the charge dismissed.
Campbell testified that Howard indicated that he would give him $10,000 that day (January 27) and on the following day a $20,000 payment would be given after his charges were dismissed. Another $30,000 payment would be made six months from that date, and from then on 50% of Howard's drug business would be paid to Campbell if Campbell could insure that the narcotics officers would not bother him and let him continue to operate. Howard told Campbell it would take him approximately 30 minutes to get the money, and Campbell agreed to accept Howard's offer.
After Howard left to get the money, Officer Campbell immediately alerted Officer Moon and Chief Black as to Howard's offer. When Howard returned with the money, officer Campbell was wearing a bugging device, with Officer Moon listening to the conversation in an adjoining office. Howard advised Campbell that he wanted a friend of his released from Parchman, and he wanted three traffic tickets taken care of, giving Campbell the tickets. The two men then discussed where the delivery of the money would take place. Howard told Campbell he would leave it under the wheel of his vehicle, and that when Campbell approached the car he would drive away and leave the money lying on the street. Campbell agreed to this, and the delivery took place as planned. Shortly thereafter, Campbell recovered a paper bag with $10,000 in it and Howard was apprehended. The delivery of the money was observed by Officer Moon and Chief Black.
Howard testified on his behalf that he went to the police station at 1:00 p.m. like Campbell had ordered him. Howard testified he told Campbell he was charged with a crime he had nothing to do with, and asked Campbell what did he want from him. According to Howard, Officer Campbell then decided that if Howard wanted the charges dropped, he would have to give him some money. Howard stated Campbell wanted $30,000, and to bring him $10,000 the next day. Howard admitted that he gave Campbell $10,000, but insisted that he was merely following Campbell's instructions.
On March 12, 1984, Howard and his friends were standing outside the Crystal Palace Pool Hall, a business formerly owned by Howard and then operated by his brother-in-law. In response to a complaint, police officers confronted the group and told them to get off the street. Officer Campbell conducted a "frisk" on several group members and warned Howard to stay off the street or he would be in trouble. During this time Howard surreptitiously recorded the confrontation by way of a micro-cassette in his jacket pocket.
At trial, Howard asserted the defense of entrapment, stating that as a result of police harassment, coercion, and police overzealousness, he was induced to pay Officer Campbell the $10,000. Howard now seeks to have the tape admitted as evidence of police harassment. The State, however, successfully had the tape excluded because the incidents on the tape took place one and a half months after the bribery. The trial judge excluded the tape on the grounds that it was too remote.
At the conclusion of the trial, Howard was found guilty and sentenced to 10 years in prison and fined $1,000. On appeal, Howard asserts the tape should not have been excluded, the jury instructions were insufficient to establish his defense of entrapment, *61 and the verdict was against the overwhelming weight of the evidence.

LAW
Before analyzing Howard's assignments of error, it may be helpful to review the Mississippi law concerning bribery and entrapment.
Howard was charged under MCA § 97-11-11 (1972) which provides, in pertinent part:
"Every person who shall ... offer to any officer .. . any money ... with intent to influence his . .. action, or judgment on any question, matter, cause or proceeding which may be then pending ... shall, on conviction, be imprisoned in the penitentiary not more than ten years, or fined not more than $1,000, or both."
There appear to be only two cases where a defendant has been convicted under this statute for offering a bribe to a public officer. In the seminal decision of McLemore v. State, 241 Miss. 664, 125 So.2d 86 (1960), McLemore was convicted of offering a bribe to a district attorney, in return for which the district attorney would not introduce evidence in an arson case pending against the defendant's friend. This Court enumerated the elements of the offense: (1) offer of bribe; (2) to public officer; (3) with the intent to influence his action or judgment; (4) on any question, matter, cause or proceeding which may be then or thereafter pending subject to his action or judgment. 241 Miss. at 672, 125 So.2d 86.
The McLemore court stated further:
The condemned offense is the offer to bribe, not completed bribery. There need not be a mutual intent on the part of both the giver and the offeree or acceptor of the bribe. It is the offering of the bribe that constitutes the substantive crime under the statute. It is immaterial whether an attempt or offer to bribe is successful. Nor is any actual tender of the bribe necessary to perfect the offense.
241 Miss. at 673, 125 So.2d 86.
In McLemore, the defendant made a motion for directed verdict based upon the defense of entrapment. The trial overruled the motion; and this Court affirmed, stating:
The word "entrapment," as a defense, has come to mean the act of inducing or leading a person to commit a crime not originally contemplated by him, for the purpose of trapping him in its commission and prosecuting him for the offense. However, defendant cannot rely on the fact that an opportunity was intentionally given him to commit the crime which originated in the mind of the accused. The fact that an opportunity is furnished constitutes no defense.
241 Miss. at 675, 125 So.2d 86.
See also Phillips v. State, 493 So.2d 350, 354 (Miss. 1986); Miller v. State, 234 So.2d 297, 301 (Miss. 1970); Averitt v. State, 246 Miss. 49, 61, 149 So.2d 320 (1963).
Regarding entrapment as a defense to the crime of bribery, the McLemore court stated:
There is a very clear distinction between inducing a person to do an unlawful act and setting a trap to catch him in the execution of criminal designs of his own conception. The state's evidence amply supports the conclusion that the criminal intent to make the offer to bribe originated in the mind of defendant, and Strickland simply furnished the opportunity and the means for McLemore to consumate that purpose.
241 Miss. at 675-76, 125 So.2d 86.
Since practically all of the "entrapment" cases in Mississippi deal with the sale of narcotics, a review of outside sources is necessary to understand the defense of entrapment in bribery cases. 69 A.L.R.2d 1397, Entrapment  Bribery or Offer to Bribe, provides at p. 1406:
For the defense of entrapment to be available the intent to commit the offense must have been lodged in the defendant by the government agent for the purpose of causing the defendant's arrest and prosecution for bribery, and it is, consequently, no defense in a prosecution where bribing a government agent, who was an actual participant in the bribery *62 scheme and accepted money which was given to influence his official action, that the official made the first overtures indicating that he would be receptive to the tender of a bribe.
See Malatkofski v. United States, 179 F.2d 905 (1st Cir.1950). Facts which constitute illegal entrapment for bribery would be evident where officers:
Instigate criminal intent and activity which otherwise would not have existed, by first requesting, demanding, or suggesting payment of a bribe from an accused to influence their action on matter in which the accused is interested, and the accused, who apparently did not have the criminal intent to commit the offense before the request was made, is either because of fears of official retaliation or the persuasion and representations of the agents, lured or induced into committing the offense so that he may be arrested and prosecuted for it.
69 A.L.R.2d at 1417-18.
Howard's brief is inconsistent. Having invoked the defense of entrapment at his trial, he now asserts in his brief that he lacked the specific corrupt intent needed in order to commit bribery. To invoke the defense of entrapment, it must necessarily be assumed that the act charged as an offense was committed. Reeves v. State, 244 So.2d 5 (Miss. 1971). Entrapment as a defense is not generally available if the accused denies the offense with which he is charged. Id. at 6; 69 A.L.R.2d at 1402. Since the entrapment defense was properly invoked at trial, and entrapment instructions were submitted to the jury, Howard cannot assert on appeal that he lacked the criminal intent to commit the bribe. By invoking the entrapment defense, he is estopped from denying his criminal intent.[1]

I. THE COURT ERRED IN EXCLUDING THE TESTIMONY OF WILLIE CARTHAN AND THE APPELLANT KENNETH HOWARD REGARDING INCIDENTS WHICH OCCURRED AFTER JANUARY 27, 1984.
Howard asserts here that the excluded evidence was offered for the purpose of demonstrating a pattern and practice on the part of Bob Campbell to coerce, intimidate, and induce the appellant to commit some illegal act which would allow Campbell an opportunity to arrest him and/or obtain a conviction of him. The appellant contends that the failure of the lower court to allow this evidence limited his ability to establish his defense of entrapment.
Inasmuch as this assignment of error is unsupported by any authority, we find it unpersuasive. In any event, a reading of the transcript of the Howard micro-cassette indicates that this conversation is totally irrelevant to the crime of bribery and defense of entrapment. The remoteness of the conversation should be taken into consideration, as the trial judge did in excluding the tape. Since Howard seeks to invoke the defense of entrapment by showing police harassment and overzealousness, it follows that the only actions of Campbell that would be relevant would take place before the alleged bribery on January 27, 1984.
The testimony of Willie Carthan, Howard's brother-in-law, about actions by Officer Campbell is also irrelevant because (1) the acts took place after the date of the bribery and (2) the actions were directed at Carthan, not Howard.
*63 The exclusion of these evidentiary matters as not relevant was within the discretion of the trial judge, and his decision should stand unless there is proof of an abuse of discretion. Shearer v. State, 423 So.2d 824 (Miss. 1982)
Howard was allowed, through his testimony and other witnesses, to demonstrate how he and his friends had been harassed by the police department and Officer Campbell from May 31, 1983 through January 27, 1984. It should be pointed out that much of this "harassment" was in the form of traffic violations and other tactics used by policemen when investigating criminal suspects. There is a total absence of testimony which would indicate that this harassment was connected to an entrapment by the police. In fact, there is little if any evidence of police officers demanding money or suggesting the payment of a bribe, other than Howard's version of the one o'clock meeting on January 27, 1984, the day of the bribery.

II. THE COURT ERRED IN DENYING HOWARD'S REQUEST FOR INSTRUCTIONS D-4 THROUGH D-8.
Howard asserts here that the refusal of certain instructions denied him the right to invoke his entrapment defense. This contention is without merit, as the jury was sufficiently instructed on the entrapment defense. Two entrapment instructions were given to the jury, one submitted by Howard and one by the State, which adequately covered the law.

III. THE VERDICT OF THE JURY WAS CONTRARY TO THE OVERWHELMING WEIGHT OF THE EVIDENCE.
We first note the defense of entrapment, like any other affirmative defense, is a question of fact to be submitted to the jury, along with evidence in chief, as an issue to be determined by the jury. Averitt v. State, 246 Miss. 49, 63, 149 So.2d 320 (1963). However, this assignment of error is procedurally barred because it was not assigned as a ground for a new trial in the lower court. See: Ponder v. State, 335 So.2d 885, 886 (Miss. 1976), Freeland v. State, 285 So.2d 895, 896 (Miss. 1973). A trial judge cannot be put in error on a matter which was not presented to him for decision. Cooper v. Lawson, 264 So.2d 890 (Miss. 1972).

CONCLUSION
We hold that the trial judge did not abuse his discretion when he refused to allow the tape recording of March 12, 1984, on the grounds that it was too remote and therefore irrelevant to the issue of entrapment. We hold further that the jury was sufficiently apprised of Howard's defense of entrapment by the two entrapment instructions. The instructions refused by the trial court were either repetitive or a misstatement of our entrapment law. Based on the foregoing, the appellant's conviction will be affirmed.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE, P.J., DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and GRIFFIN, JJ., concur.
ANDERSON, J., not participating.
NOTES
[1] Under certain circumstances the defense of entrapment will be available to one who denies commission of the offense, but these cases deal with prosecution of one receiving a bribe. A typical example is a politician who accepts a bribe, and then at trial can assert (a) he thought the bribe was a campaign contribution or (b) he took the bribe but was entrapped. In United States v. Garrett, 716 F.2d 257 (5th Cir.1983), the 5th Circuit allowed a defendant accused of offering a bribe to assert the entrapment defense and the defense of lack of intent because under the circumstances the two defenses were not impermissibly inconsistent. However, a different panel of the 5th Circuit chose not to follow this line of reasoning in United States v. Henry, 727 F.2d 1373 (5th Cir.1984), and instead determined that the better line of reasoning was the general rule set out in the text above.

In any event, Howard's lack of intent defense would be inconsistent with the entrapment defense, and the general rule should be followed.