## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 1998-KA-01033-SCT

*BRUCE HILLIARD a/k/a BRUCE M. HILLIARD a/k/a "ROOSTER"*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/01/1998 |
| TRIAL JUDGE: | HON. R. I. PRICHARD, III |
| COURT FROM WHICH APPEALED: | LAWRENCE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOSEPH A. FERNALD, JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  CHARLES W. MARIS, JR. |
| DISTRICT ATTORNEY: | RICHARD LAWRENCE DOUGLASS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 11/18/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/09/99 |

## BEFORE PITTMAN, P.J., McRAE AND SMITH, JJ.

## McRAE, JUSTICE, FOR THE COURT:

¶1. On November 18, 1996, the Grand Jury for Lawrence County issued an indictment in which it alleged that Bruce M. Hilliard murdered Clarence ("Beater") L. Johnson in violation of Miss. Code Ann. § 97-3-19 while in the process of robbing Johnson by putting Johnson in fear of immediate injury to or by violence to his person in violation of Miss. Code Ann. § 97-3-73 (1994). Hilliard was offered, but rejected, a deal to plead to manslaughter. The prosecution did, however, reduce the charge against Hilliard from capital murder to murder.

¶2. On May 1, 1998, a jury found Hilliard guilty of murder. The court sentenced Hilliard to life imprisonment in the custody of the Mississippi Department of Corrections.

¶3. On appeal, Hilliard challenges the sufficiency of the evidence arguing that the verdict of the jury was against the weight of the evidence, the result of bias, passion and prejudice, and that there was reasonable doubt as to the defendant's guilt. Finding no reversible error, we affirm.

### STATEMENT OF THE FACTS

¶4. This was a circumstantial evidence case in yet another appeal involving a senseless killing and a nonexistent defense. On the afternoon of September 15, 1996, Calvin Johnson was found in his home dead from two bullet wounds. The evidence adduced at trial showed that Hilliard was seen by several witnesses in the company of the Calvin Johnson in the hours prior to the victim's death. On the morning of the 15th,

Hilliard had accompanied Calvin to a convenience store where Calvin purchased a can of motor oil. The clerk noticed that Calvin Johnson not only paid with a $100 bill but that he had several other $100 bills in his wallet.

¶5. Jessie Mae Bennett Stovall testified that on the afternoon of Johnson's death, Hilliard asked if he could leave a gun at her house. She stated that he later told her that he had killed Calvin Johnson. The gun left at Stovall's house produced bullets similar to those found in Johnson's body but "could not be positively included or excluded as having been fired in the gun."

¶6. Other witnesses testified that Hilliard was looking for someone to give him a ride to Brookhaven in the hours after Johnson was killed. One such witness, Willie Grinstead, was accosted by Hilliard around 12:30 p.m. that day. Hilliard was driving Johnson's car and asked Grinstead if Grinstead could drive him to Brookhaven. Hilliard also told Grinstead that he had several hundred dollars

¶7. At the close of the prosecution's case, defense counsel for Bruce Hillard announced that their client did not wish to testify despite the fact that he contended the killing was done in self defense.[1] The defense rested without presenting any witnesses or evidence.

### I. THE VERDICT OF THE JURY WAS AGAINST AND CONTRARY TO THE OVERWHELMING WEIGHT OF EVIDENCE AND THE RESULT OF BIAS, PASSION AND PREJUDICE.

### A. THE JURY VERDICT RESTED ON INSUFFICIENT EVIDENCE OF MR. HILLIARD'S GUILT.

### B. THERE WAS REASONABLE DOUBT OF MR. HILLIARD'S GUILT.

¶8. Hilliard argues there were no eyewitnesses to the crime; nor was there any forensic evidence linking Hilliard to the gun. In fact, Hilliard contends that the evidence is more incriminating against Ms. Stovall than against him.

¶9. The State contends that Hilliard's argument is, in essence, an argument that the jury should not have believed the prosecution's witnesses. "We submit, however, that it is the job of the jury - not counsel, not the trial court, and not this Court - to judge the credibility of witnesses."

¶10. A motion for a new trial tests the weight of the evidence rather than its sufficiency. *Butler v. State*, 544 So.2d 816, 819 (Miss.1989). "Only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal."*Roberts v. State,* 582 So.2d 423, 424 (Miss. 1991). In determining whether a jury verdict is against the overwhelming weight of the evidence, the Court accepts as true the evidence favorable to the State. *Wetz v. State*, 503 So.2d 803, 812 (Miss. 1987). "[W]here there is conflicting testimony, the jury is the judge of the credibility of the witnesses." *Id.*; *Gandy v. State*, 373 So.2d 1042, 1045 (Miss.1979).

¶11. This standard is not as great as that challenging the sufficiency of the evidence. *Pharr v. State*, 465 So.2d 294, 302 (Miss. 1984)*; May v. State*, 460 So.2d 778, 781 (Miss. 1984). This Court has held that while the evidence may be sufficient to warrant presentation to a jury it nonetheless may be so inadequate as to create sufficient doubt regarding the defendant's guilt. *Quarles v. State*, 199 So.2d 58, 61 (Miss.1967).

¶12. "[D]irect evidence is unnecessary to support a conviction so long as sufficient circumstantial evidence exists to establish guilt beyond a reasonable doubt." *Underwood v. State*, 708 So. 2d 18, 35 (Miss. 1998) (*quoting **Conner v. State***, 632 So. 2d 1239, 1252 (Miss. 1993)).

¶13. In circumstantial evidence cases, the State is required to prove the defendant's guilt not only beyond a reasonable doubt but to the exclusion of every reasonable hypothesis consistent with innocence. ***Fisher v. State***, 481 So.2d 203, 212 (Miss.1985). However, circumstantial evidence need not exclude every "possible doubt" but only every other "reasonable" hypothesis of innocence. ***Tolbert v. State***, 407 So.2d 815, 820 (Miss.1981). Each case must be determined from the circumstances shown in the testimony and the facts must consistently point to but one conclusion--guilt. ***Hester v. State***, 463 So.2d 1087, 1091 (Miss.1985) (quoting ***Sanders v. State***, 286 So.2d 825, 828 (Miss.1973)).

¶14. An examination of the evidence in this case demonstrates that there was sufficient evidence to support the jury's verdict. This Court has no choice but to uphold the conviction and sentence. The judgment of the Lawrence County Circuit Court is affirmed.

¶15. **CONVICTION OF MURDER AND SENTENCE OF LIFE IMPRISONMENT, WITH CONDITIONS, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, SMITH, MILLS, WALLER AND COBB, JJ., CONCUR.**

1. Apparently, Hilliard indicated to counsel as well as the psychiatric experts that this was a case of self defense. The psychiatric evaluations explain that Hilliard had a history of alcohol and drug (cocaine, both powder and crack) use and was impaired at the time of the offense. Hilliard told Psychologist Mark Leach that Johnson had "attempted to engage him in a sexual act for money. According to Mr. Hilliard, he refused to have sex that day, an argument ensued, and [Johnson] moved toward a gun. At that point, Mr. Hilliard shot [Johnson] from a gun that he had been carrying." Hilliard did not testify and the self defense theory was never presented to the jury.