809 So.2d 761 (2002)
Charles HOWERY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00285-COA.
Court of Appeals of Mississippi.
February 26, 2002.
*762 Belinda J. Stevens, Jackson, Attorney for Appellant.
Office of the Attorney General by Deirdre McCrory, Attorney for Appellee.
Before KING, P.J., THOMAS, and MYERS, JJ.
THOMAS, J., for the Court.
¶ 1. On January 19, 2001, Charles Howery was convicted of felony shoplifting and sentenced to a term of one year in the custody of the Mississippi Department of Corrections. Aggrieved, Howery asserts the following issue:
THE VERDICT OF THE LOWER COURT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
Finding no error, we affirm.

FACTS
¶ 2. On May 9, 2000, Howery was arrested for shoplifting at Helton's Family Market in Yazoo City, Mississippi. At trial, Clara Ann Ward, an employee at Helton's, testified that she saw Howery standing in front of the meat counter, pick up some packaged steaks, walk back to the automotive section of the store and put the steaks down in his pants. As Howery turned to walk to the front, Ward called the manager, Billie Sue Purvis, who met Howery at *763 the front check-out stand and asked him to lift his shirt. Howery ignored Purvis' request and ran out the door.
¶ 3. Purvis testified that she confronted Howery at the front of the store and asked him if he had anything concealed that he needed to purchase. Purvis said that she "could see the imprint" of something hidden in Howery's clothing. Howery said that he did not have anything and went out the door "walking pretty fast." Purvis then followed Howery outside and watched him walk past Rite Aid and behind another building. After a few minutes, Howery reappeared in the front of the building and walked to the laundromat.
¶ 4. Officer Noble Brooks, Jr. testified that when he arrived at Helton's an employee of the store described the suspect as "a fairly tall, black male, light-skinned in complexion." Another store employee identified the suspect as "the brother of Charline Howery." Brooks found Howery inside of the laundromat. Brooks found no meat on Howery at that time.
¶ 5. Officer Tommy Vaughan testified that he found two packages of ribeye steaks still in their containers behind a Sally Beauty Supply Building. Vaughan testified that Purvis directed him in the area that Howery fled from Helton's. Following these directions, Vaughan walked past the Rite Aid and behind the Sally Beauty Supply Store. Vaughan found the missing ribeye steaks in the area behind these buildings. Vaughan continued to explain that the meat was still cold and the Helton's label was still on the packages when he found them.
¶ 6. Howery testified that he went to Helton's to buy a part for his car. He denied that he had been in the meat section at all. He further testified that he went to the laundromat to use the restroom.

ANALYSIS

WAS THE VERDICT OF THE LOWER COURT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 7. The decision to grant or deny a motion for new trial is discretionary with the trial court. McClain v. State, 625 So.2d 774, 781 (Miss.1993). In order to preserve the issue for consideration on appeal, the defendant must raise the issue that the verdict was against the overwhelming weight of the evidence as a ground for his motion for new trial. Howard v. State, 507 So.2d 58, 63 (Miss.1987). In Ford v. State, 753 So.2d 489, 490 (Miss. Ct.App.1999), we held that:
[i]n determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence presented as supportive of the verdict, and we will disturb a jury verdict only when convinced that the circuit court has abused its discretion in failing to grant a new trial or if the final result will result in an unconscionable injustice.
(citing Danner v. State, 748 So.2d 844, 846 (Miss.Ct.App.1999)). See also Turner v. State, 726 So.2d 117, 125 (Miss.1998); Herring v. State, 691 So.2d 948, 957 (Miss. 1997); Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). "Any less stringent rule would denigrate the constitutional power and responsibility of the jury in our criminal justice system." Hughes v. State, 724 So.2d 893, 896 (Miss.1998). It has also been established that "the jury is the judge of the weight and credibility of testimony and is free to accept or reject all or some of the testimony given by each witness." Meshell v. State, 506 So.2d 989, 991 (Miss.1987). See also Hilliard v. State, 749 So.2d 1015, 1017 (Miss.1999); Lewis v. State, 580 So.2d 1279, 1288 (Miss.1991); *764 Gandy v. State, 373 So.2d 1042, 1045 (Miss.1979). The "testimony of a single uncorroborated witness is sufficient to sustain a conviction ... even though there may be more than one person testifying to the contrary." Williams v. State, 512 So.2d 666, 670 (Miss.1987).
¶ 8. Further, Shields v. State, 702 So.2d 380, 383 (Miss.1997), established a checklist of common sense circumstances to be considered in crimes involving theft and possession, which are:
9. The temporal proximity of the possession to the crime to be inferred;
10. The number or percentage of the fruits of the crime possessed;
11. The nature of the possession in terms of whether there is an attempt at concealment or any other evidence of guilty knowledge;
12. Whether an explanation is given and whether that explanation is plausible or demonstrably false.
Id. With this in mind, we find the evidence in the case at hand supports the guilty verdict.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF YAZOO COUNTY OF CONVICTION OF FELONY SHOPLIFTING AND SENTENCE OF ONE YEAR IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO YAZOO COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., CONCUR.