THOMAS, J.,
for the court.
¶ 1. On December 1, 2000, James Duvall (Duvall) was convicted of felony DUI and sentenced to five years in the custody of the Mississippi Department of Corrections, with three years suspended, and pay a fine of $2500. Aggrieved, Duvall now asserts a single error encompassing theories involving both the overwhelming weight of the evidence and the sufficiency of the evidence. In the interest of clarity, we have redrafted the submitted error into the following assertions of error:
I. THE VERDICT OF THE LOWER COURT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
II. THE LOWER COURT ERRED IN DENYING DUVALL’S MOTION FOR DIRECTED VERDICT.
FACTS
¶ 2. On June 19, 2000, Officer Tom Tin-dle responded to a call reporting a disturbance on Lane Street in Cleveland, Mississippi. Tindle arrived on the scene to find Duvall locked out of his house. Tindle noticed that Duvall appeared to be extremely intoxicated and irate. The occupants of the house, who were all children, told Tindle that they did not want Duvall in the house. *432 A neighbor arrived and volunteered to take care of Duvall, explaining that-he was “just drunk.” Tindle felt that the matter had been resolved and left the scene.
¶ 3. Approximately one hour later the Cleveland Police Department received a second disturbance call from the same address. Officer Billy Logan, responding to this second call, was the first to arrive. Logan observed a “tan looking van” backing out of Lane Street onto another street at a high rate of speed. Logan explained that “tires were squealing, and he was driving probably just as fast as he could handle it. It was swerving.” Logan pursued the van and pulled it over. Logan explained that the van stopped, the driver’s side door opened, and he saw that Duvall was driving the van. Logan asked Duvall what was going on. Duvall answered, “She’s got a gun. She’s trying to shoot me.” Logan then saw a woman approach the van, running and screaming, “stop him” and claiming that “he had cut her tires and beat up her daughter.” Logan instructed Duvall to “wait just a minute and let me see what’s going on.” However, Duvall slammed the door and drove off.
¶ 4. Logan notified Tindle, who was also responding to the call, that Duvall was driving the van. When Tindle found the van, Duvall was out of the vehicle, standing in the parking lot of the Hurricane Club. Duvall was then taken to the police department where he refused to take the intoxilyzer test.
ANALYSIS
I. WAS THE VERDICT OF THE LOWER COURT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 5. The decision to grant or deny a motion for new trial is discretionary with the trial court. McClain v. State, 625 So.2d 774, 781 (Miss.1993). In order to preserve the issue for consideration on appeal, the defendant must raise the issue that the verdict was against the overwhelming weight of the evidence as a ground for his motion for new trial. Howard v. State, 507 So.2d 58, 63 (Miss.1987). In Ford v. State, 753 So.2d 489, 490 (Miss.Ct.App.1999), we held that:
[i]n determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence presented as supportive of the verdict, and we will disturb a jury verdict only when convinced that the circuit court has abused its discretion in failing to grant a new trial or if the final result will result in an unconscionable injustice.
(citing Banner v. State, 748 So.2d 844, 846 (Miss.Ct.App.1999)). See also Turner v. State, 726 So.2d 117, 125 (Miss.1998); Herring v. State, 691 So.2d 948, 957 (Miss.1997); Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). “Any less stringent rule would denigrate the constitutional power and responsibility of the jury in our criminal justice system.” Hughes v. State, 724 So.2d 893, 896 (Miss.1998). It has also been established that “the jury is the judge of the weight and credibility of testimony and is free to accept or reject all or some of the testimony given by each witness.” Meshell v. State, 506 So.2d 989, 991 (Miss.1987). See also Hilliard v. State, 749 So.2d 1015, 1017 (Miss.1999); Lewis v. State, 580 So.2d 1279,1288 (Miss.1991); Gandy v. State, 373 So.2d 1042, 1045 (Miss.1979). We find the evidence in the case at hand to support the guilty verdict.
II. DID THE LOWER COURT ERR IN DENYING DUVALL’S MOTION FOR DIRECTED VERDICT?
¶ 6. A motion for a directed verdict, request for peremptory instruction, *433 and motion for judgment notwithstanding the verdict all challenge the legal sufficiency of the evidence. McClain, 625 So.2d at 778. “Since each requires consideration of the evidence before the court when made, this Court properly reviews the ruling on the last occasion the challenge was made in the trial court.” Id. at 778. This occurred when the lower court denied the motion for JNOV. Welz v. State, 503 So.2d 803, 807-8 (Miss.1987). “If there is sufficient evidence to support a verdict of guilty, this Court will not reverse.” Meshell, 506 So.2d at 990. See also Haymond v. State, 478 So.2d 297, 300 (Miss.1985); Fairley v. State, 467 So.2d 894, 902 (Miss.1985). The evidence here was more than sufficient to support the verdict.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR COUNTY OF CONVICTION OF FELONY DUI AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THREE YEARS SUSPENDED, AND FINE OF $2500 IS AFFIRMED. SENTENCE SHALL RUN CONSECUTIVE TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
McMILLIN, C.J, KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.