BRANTLEY, J., for the court.
¶ 1. Lawanda Love was convicted in the Second Judicial District of Jones County of aggravated assault. Aggrieved, Love appeals, arguing that the trial court erred in denying her motion for a new trial. Finding that the verdict was not against the overwhelming weight of the evidence, we affirm.
FACTS
12. On May 8, 1999, paramedics and the Laurel police responded to a call at the home of Leon Hill and Lawanda Love concerning a gunshot victim. When the paramedics arrived, they found Hill lying in the home with a gunshot wound to the shoulder. Hill was transported to the hospital and treated. His injuries resulted in him being paralyzed from the chest down.
¶ 3. Love stated to a paramedic and the police that she had shot her husband, Hill, during an argument. The police took her to the police station and videotaped a confession that was admitted at trial. During the trial, a paramedic, several officers, Hill and Love testified as to the events that occurred on that day.
¶ 4. Hill testified that on that morning, Love’s daughter had gotten in bed with them. He stated that he was tired from working long days and the child was playing so he took her back to her own bed. This action angered Love who started screaming and fighting with Hill. Hill grabbed her arms to stop her at which time she bit him on the shoulder. Love then grabbed Hill’s gun out of a drawer and Hill ran out of the house. After twenty minutes, Hill tried to get back inside the house, but discovered that Love had locked all the doors. When he attempted to get through a window, Hill saw that Love still had the gun and threatened to shoot him if he entered the home.
¶ 5. Hill waited a few more minutes and told Love that he had work to do and that he was entering the house to change his clothes. He entered through the window and saw that Love had the weapon near the child. Hill told her to be careful and not to hurt anyone. He then explained that he was going to file for divorce and have her removed from the home.
¶ 6. After retrieving some work clothes from their bedroom, he entered the child’s room where he kept his shoes and began to change clothes. Love came into the room continuing to shout at him and shot Hill in the shoulder. The bullet hit an artery, then a rib, then ricocheted and hit Hill’s spinal cord, paralyzing him from the chest down. Hill begged Love not to shoot him again at which time the gun jammed. He asked Love to call the paramedics. Nevertheless, Love made a few calls and then called for help.
¶ 7. Love also testified to the events of that morning although her testimony conflicted with Hill’s testimony to some degree. Love stated that Hill got mad and removed the child from their bed because *709 he wanted to have sex with her. An argument ensued and Love retrieved the gun. At that time, Hill left the house and Love locked the doors. After Hill entered the home through the window, she followed him into the child’s room. She saw that he was getting money from her purse and asked him to stop. At which time, Hill took a swing at her and she shot him. She also stated that Hill had been abusive to her before and had been convicted of domestic violence a few months earlier. However, she could not explain why she did not call the police after Hill left the house this time when she had called the police on a prior occasion.
¶ 8. Love testified that she shot Hill in self-defense. Self-defense instructions were given to the jury. However, the jury found Love guilty of aggravated assault. On appeal, Love argues that the trial court erred in denying her motion for a new trial, contending that the verdict was against the overwhelming weight of the evidence. The State argues that the evidence does support the verdict and that the conviction should be upheld.
ANALYSIS OF THE ISSUE PRESENTED
WHETHER THE TRIAL COURT ERRED IN DENYING LOVE’S MOTION FOR A NEW TRIAL.
¶ 9. Love asserts that the trial court abused its discretion in denying her motion for a new trial. The standard of review for denying a motion for a new trial is well settled. We will only disturb a jury verdict when we are convinced that to let the verdict stand would result in an unconscionable injustice. Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). Additionally, when reviewing the evidence, we must accept as true all evidence favorable to the verdict. Wetz v. State, 503 So.2d 803, 812 (Miss.1987); see also McClain v. State, 625 So.2d 774, 781 (Miss.1993). “The jury is the judge of the weight and credibility of testimony and is free to accept or reject all or some of the testimony given by each witness.” Meshell v. State, 506 So.2d 989, 991 (Miss.1987); see also Hilliard v. State, 749 So.2d 1015, 1017(¶ 9) (Miss.1999).
¶ 10. Love does not deny that she shot Hill, but argues that she did so in self-defense. There was conflicting testimony as to how the incident occurred. As stated above, it is for the jury to determine which testimony they find truthful. The jury heard the evidence presented and was properly instructed. They resolved the question of conflicting testimony against Love. Accepting as true all evidence favorable to the State, this Court is compelled to conclude that the evidence was of such quality and weight to support the jury’s finding.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF THE SECOND JUDICIAL DISTRICT OF JONES COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TEN YEARS SUSPENDED AND FIVE YEARS PROBATION IS AFFIRMED. ALL COSTS ARE ASSESSED TO JONES COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.