THOMAS, J.,
for the Court:'
¶ 1. Marvin Blankenship appeals Ms conviction for aggravated assault, raising the following issues as error:
I. DID THE TRIAL COURT ERR IN ALLOWING THE STATE’S WITNESS TO READ TO HIMSELF HIS PRIOR INCONSISTENT STATEMENT IN ORDER TO REFRESH ' HIS MEMORY?
II. DID THE TRIAL' COURT ERR IN SUSTAINING THE STATE’S OBJECTION, THUS PREVENTING THE DEFENDANT TO TESTIFYING TO HIS FEAR, WHICH SUPPORTED HIS CLAIM OF SELF DEFENSE?
III. WHETHER THE JURY VERDICT . WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
Finding no error, we affirm.
FACTS
¶ 2. On the evening of September 12, 1998, Marvin Blankenship, Donald McCann, and Orlando Allen rode around the streets of Laurel, Mississippi drinMng beer from quart bottles. Later that night, while it was raining, Blankenship asked McCann to get out of Ms car. According to Orlando Allen, the only eyewitness, at this point a verbal altercation broke out between Blankenship and McCann. McCann reluctantly got out of the car and broke the car window with his quart bottle. McCann proceeded to run away, and Blankenship got out of the car and pursued McCann on foot. Blankenship returned to the car and then drove around the area. Orlando Allen claims that once Blankenship encountered McCann again on the streets that Blankenship once again took to pursuit of McCann on foot. Blankenship then returned to his car with a knife in his hand. Allen states that Blankenship wiped the knife off with a towel and placed the knife and towel between the driver’s seat and Blankenship’s side of the car door. Officer Layne Bounds with the Laurel Police Department was the first officer on the scene and testified to finding Donald McCann by a pay phone bleeding from two stab wounds. Officer Robert Strickland also with the Laurel Police Department was the officer who apprehended Marvin Blankenship after the fight. Officer Strickland further testified that he found a pocket knife between the driver’s seat and the door of Blankenship’s car.
¶ 3. On March 22,1999, Marvin Blankenship was indicted for the crime of aggravated assault. Blankenship was tried on September 27,1999. Blankenship took the stand and admitted he stabbed McCann with a pocket knife but claimed he did so in self-defense after McCann came toward him with words and a quart size beer bottle. After a trial on the merits, a guilty verdict of aggravated assault was returned by the trial court. Blankenship filed and presented his motion for a new trial, which was denied by the trial court. It is from this denial that Ellis now appeals.
ANALYSIS
I.
DID THE TRIAL COURT ERR IN ALLOWING THE STATE’S WITNESS TO READ TO HIMSELF HIS PRIOR INCONSISTENT STATEMENT IN ORDER TO REFRESH HIS MEMORY?
¶4. Blankenship argues that the trial court erred in allowing the State’s witness to read to himself his prior statement which he gave to Keith Milsap of the Laurel Police Department. Blankenship states that the State cannot just read or have their witness read from his previously given statement without first laying the proper predicate. That is, either the wit *1011 ness needs to refresh his memory or he has given a previous inconsistent statement. In the case at bar, during the direct examination of Orlando.Allen, Allen left out certain important facts found in his previous statement given to Milsap. The prosecution, recognizing the discrepancy, questioned Allen about the prior statement he made to Milsap. After approaching Allen, the prosecution requested that Allen read the statement to himself. The prosecution then asked if this was the statement Allen gave, and Allen confirmed that the statement was his and that his signature was at the bottom. Next, the prosecution asked Allen if that had refreshed his memory to which Allen responded affirmatively. The prosecution then continued on with his line of questioning. At this point the proper predicates had been established. Rule 612 of the Mississippi Rules of Evidence states, in pertinent part:
If a witness uses a writing, recording or object to refresh his memory for the purpose of testifying, either (1) while testifying, or (2) before testifying, if the court in its discretion determines it is necessary in the interests of justice, an adverse party is entitled to have the writing, recording or object produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce into evidence those portions which relate to the testimony of the witness....
The comment to the rule states that Rule 612 permits any writing, recording or object to be used, regardless of whether it is in compliance with the foundation requirements of the recorded recollection hearsay exception contained within Rule 803(5) of the Mississippi Rules of Evidence. In King v. State, 615 So,2d 1202, 1207 (Miss. 1993), our supreme court held that a witness may refer to his notes during testimony, even though the witness has failed to establish an exhaustion of memory. In reaching this conclusion, this court relied upon the text of Rule 612 as well as the comment previously cited. Furthermore, our supreme court, has held that the witness may be refreshed by any writing or at least “some tangible thing.” Eastover Bank for Savings v. Hall, 587 So.2d 266, 270-71 (Miss.1991). Our courts have not ruled in favor of the proposition that a witness’s inconsistent prior statement cannot be used to refresh the witness’s memory, nor is there any authority for such a proposition within the Rules of Evidence. We hold, therefore, that Blankenship’s claim is without merit.
II.
DID THE TRIAL COURT ERR IN SUSTAINING THE STATE’S OBJECTION, AND PREVENTING THE DEFENDANT TO TESTIFYING TO HIS FEAR, WHICH SUPPORTED HIS CLAIM OF SELF-DEFENSE?
¶ 5. Blankenship argues that based on Brown v. State, 464 So.2d 516 (Miss.1985), the trial court erred by not allowing a question, albeit it was leading, because such testimony should be admissible in regards to his claim of self-defense. In Brawn, our supreme court held that an individual who asserts the defense of self-defense is entitled to present all relevant evidence of their state of mind at the time of the alleged incident. Id. at 520. In the instant case, the trial court sustained the State’s objection to a leading question which Blankenship now concedes was leading. Rule 611(c) of the Mississippi Rules of Evidence states:
Leading questions should not be used on the direct examination of a witness except as may be necessary to develop his testimony. Ordinarily, leading questions should be permitted on cross-examination.
*1012 Thus, the trial court clearly had a legitimate basis for sustaining the State’s objection to the question propounded.
¶ 6. Furthermore, based on the record, the trial court made no attempt to prevent Blankenship from testifying as to his fear or state of mind, and Blankenship made no attempt to simply rephrase the leading question. We hold that the sustaining of the State’s objection to a leading question was not an abuse of discretion on the part of the trial court.
III.
WHETHER THE JURY VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶7. Blankenship argues in the analysis section of his brief that his conviction should be reversed on grounds that the jury verdict was against the overwhelming weight of the evidence. The decision to grant or deny a motion for new trial is discretionary with the trial court. McClain v. State, 625 So.2d 774, 781 (Miss.1993). In order to preserve the issue for consideration on appeal, the defendant must raise the issue that the verdict was against the overwhelming weight of the evidence as a ground for his motion for new trial. Howard v. State, 507 So.2d 58, 63 (Miss.1987). In Ford v. State, 753 So.2d 489, 490 (Miss.Ct.App.1999), we held that:
[i]n determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence presented as supportive of the verdict, and we will disturb a jury verdict only when convinced that the circuit court has abused its discretion in failing to grant a new trial or if the final result will result in an unconscionable injustice.
(citing Danner v. State, 748 So.2d 844, 846 (Miss.Ct.App.1999)). See also Turner v. State, 726 So.2d 117, 125 (Miss.1998); Herring v. State, 691 So.2d 948, 957 (Miss.1997); Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). “Any less stringent rule would denigrate the constitutional power and responsibility of the jury .in our criminal justice system.” Hughes v. State, 724 So.2d 893, 896 (Miss.1998). “In determining whether a jury verdict is against the overwhelming weight of the evidence, the court accepts as true the evidence favorable to the State.” Wetz v. State, 503 So.2d 803, 812 (Miss.1987). See also McClain, 625 So.2d at 781; Van Buren v. State, 498 So.2d 1224, 1229 (Miss.1986). It has also been established that “the jury is the judge of the weight and credibility of testimony and is free to accept or reject all or some of the testimony given by each witness.” Meshell v. State, 506 So.2d 989, 991 (Miss.1987). See also Hilliard v. State, 749 So.2d 1015, 1017 (Miss.1999); Lewis v. State, 580 So.2d 1279, 1288 (Miss.1991); Gandy v. State, 373 So.2d 1042, 1045 (Miss.1979). The “testimony of a single uncorroborated witness is sufficient to sustain a conviction ... even though there may be more than one person testifying to the contrary.” Williams v. State, 512 So.2d 666, 670 (Miss.1987). Based on the record before us, suffice it to say that the evidence was more sufficient to allow the case to go to the jury, and the jury’s verdict was not against the overwhelming weight of the evidence. These assignments of error are without merit.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY OF THE CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TWELVE YEARS TO SERVE IN FULL-TIME CUSTODY, AND FOLLOWING FULL- *1013 TIME CUSTODY, REMAINING EIGHT YEARS OF HIS SENTENCE SUSPENDED AND PLACED ON FIVE YEARS PROBATION IS AFFIRMED. COSTS OF APPEAL ARE ASSESSED TO JONES COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, LEE, IRVING, MYERS and CHANDLER, JJ., concur.