LEE, J.,
for the Court.
PROCEDURAL HISTORY
¶ 1. On December 6, 2001, Gralding Cap-ice Lewis and Linda Mangum were indicted on charges of unlawful taking of a motor vehicle, burglary of a vehicle, and petit larceny. Mangum pled guilty to the charges, but Lewis went to trial in March 2002 on the latter two charges. Lewis’s motion for directed verdict at the close of the State’s case-in-chief was denied, and a DeSoto County jury convicted him of burglary of a vehicle and petit larceny. He *1268 was subsequently sentenced to serve four years in prison for the burglary charge and six months in prison for the larceny charges, the sentences to run concurrently. Lewis was also ordered to pay a $1000 fine and court costs. He filed a motion for new trial and a motion for judgment notwithstanding the verdict, but both were denied. Lewis appeals to this Court arguing that the trial court erred in denying his requested peremptory jury instruction. We review this issue and find no merit; thus, we affirm.
FACTS
¶ 2. On or about October 5, 2001, Kay Nunnally was at a gas station in DeSoto County. When Nunnally went inside the store to pay for her gas, she looked out to see a woman reaching into her car and pulling Nunnally’s purse out of the car. The woman took the purse and got into a nearby vehicle driven by a male. Nunnally ran outside and was able to note the letters on the tag number of the Blazer-type truck in which the woman had escaped. Officer Sharon Sparks of the Sou-thaven Police Department was in the vicinity of the gas station, and when she drove by she looked up to see a woman in the parking lot chasing after a Blazer. Sparks pursued the vehicle through traffic until the vehicle eventually stopped in a restaurant parking lot. Lewis and Linda Man-gum were identified as the persons in the vehicle, and the purse was later recovered by a witness alongside of a road near the restaurant.
DISCUSSION OF THE ISSUE
I. DID THE TRIAL COURT ERR IN OVERRULING LEWIS’S MOTION FOR DIRECTED VERDICT AND IN DENYING LEWIS’S REQUEST FOR A PEREMPTORY INSTRUCTION?
¶ 3. Lewis’s sole argument on appeal concerns the trial court’s overruling of his motion for directed verdict and the denial of his request for peremptory instruction. Motions for directed verdict, request for peremptory instruction, and motion for JNOV all challenge the legal sufficiency of'the evidence, and the appellate court reviews the ruling on the last occasion the challenge was made in the trial court. McClain v. State, 625 So.2d 774, 778 (Miss.1993). In Lewis’s motion for JNOV, he argued the same as he does now on appeal that the evidence was insufficient to support the verdict.
In appeals from an overruled motion for JNOV the sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence consistent with McClain’s guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Matters regarding the weight and credibility of the evidence are to be resolved by the jury. We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
McClain, 625 So.2d at 778 (citations omitted).
¶ 4. Looking to Lewis’s brief, he argues that he played no part whatsoever in the robbery, and he did not know of the plans of his co-defendant, Linda Mangum, before the fact. He claims that Mangum was the sole perpetrator of the crime, and she testified to the same at his trial. We look to the record, however, and find substantial evidence existed to show that Lewis, *1269 indeed, was a co-eonspirator with Man-gum. According to our standard of review, we are to give the prosecution the benefit of all reasonable inferences that may be reasonably drawn from the evidence, .and we are to reverse only where reasonable and fair-minded jurors could find the accused not guilty. McClain, 625 So.2d at 778. As described herein, we find that reversal is not warranted here,
¶ 5. Looking to the evidence as presented by testimony, we find that Lewis was the driver of the Blazer in which Mangum was a passenger, he drove her to the station where they supposedly stopped to get gas, Mangum got out of the vehicle and went to Nunnally’s car where she reached in and took the purse, Mangum got back inside the vehicle and the two drove away, Officer Sparks was nearby and pursued the vehicle on a high speed chase, when Mangum and Lewis finally stopped in the restaurant parking lot Lewis resisted arrest, and Mangum told the police she threw the purse out the window because “we was caught.” Although Lewis claims that Mangum’s testimony should prove that he played no role in the robbery, her testimony was discredited by the State’s cross-examination which showed Mangum had been inconsistent in recalling events to the police. Specifically, Mangum had told the police initially that she was sleeping at the time the alleged purse snatching took place, but later she recanted and told the police she was the sole person who knew of the plan to steal the purse. , Lewis declined to testify, leaving only his co-defendant to make his case.
To determine the credibility of the witnesses, the jurors gauge the value of the conflicting testimony adduced during the trial.- This task of evaluating the credibility of each witness is properly left to the sole province of the jury. To accomplish this arduous task, a jury must be allowed some latitude in deriving the facts from each witness’s assertions.... Ultimately, the jury undertakes the duty of considering “testimonial defects of perception, memory and sincerity.”
Millender v. State, 734 So.2d 225 (¶ 25) (Miss.Ct.App.1999) (citations omitted). Along with reviewing the evidence, the jury had the opportunity to weigh the credibility of the witnesses. Considering this and taking the evidence in a light favorable to the verdict, we find the court did not err in-denying Lewis’s request for peremptory instruction or in denying his subsequent motion for judgment notwithstanding the verdict as the evidence was sufficient to. support the verdict.
¶ 6. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT OF CONVICTION OF COUNT II, BURGLARY OF A VEHICLE AND SENTENCE OF FOUR YEARS AND COUNT III, PETIT LARCENY AND SENTENCE OF SIX MONTHS, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, SAID SENTENCES TO RUN CONCURRENTLY, AND TO PAY A $1000 FINE IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
McMILLIN, C.J., KING AND . SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.